IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 3:22-cr-0066-DJN-1 |
| ) | |
| HUGH ELLIS MASON, III, ) | |
|   a.k.a. "Peter," ) | |
| ) | |
|   Defendant ) | |

POSITION OF THE UNITED STATES
WITH RESPECT TO DEFENDANT'S SENTENCING FACTORS

The United States of America, by and through its attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Olivia L. Norman, Assistant United States Attorney, hereby submits its position with respect to defendant's sentencing factors.

The government has no objections to the presentence report or the calculation of the advisory guideline range.

The government made a motion for the third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Defendant pleaded guilty to possession with intent to distribute more than 100 grams of a mixture and substance containing heroin and fentanyl. As such, he is facing a minimum mandatory term of imprisonment of 5 years and a maximum term of 40 years' imprisonment.

Based on the drug weight involved in defendant's crime of conviction and relevant conduct, as well as the applicable enhancements for possession of a firearm and maintaining a drug involved premises, less the reduction for defendant's timely acceptance of responsibility, defendant's total offense level on Count One is 33. ECF No. 22 at ¶ 32. Defendant has 9 earned criminal history points, resulting in a Criminal History Category of IV. ECF No. 22 at ¶ 50.

1

However, the probation officer determined that the defendant is a career offender pursuant to U.S.S.G. § 4B1.1. ECF No. 22 at ¶¶ 29, 51. Under the Career Offender guidelines, defendant's base offense level would be 34. U.S.S.G. § 4B1.1(a); ECF No. 22 at ¶ 29. Because the applicable offense level determined under Chapters Two and Three is higher, the higher offense level applies. *Id.* However, the Career Offender guidelines place defendant in Criminal History Category VI. ECF No. 22 at ¶51.

With a total offense level 33 and a criminal history category VI, defendant's advisory guideline range is 235 to 293 months. The government is seeking a sentence of 235 months.

A. <u>A Sentence of 235 Months is Sufficient, But Not Greater than Necessary to Meet the Goals of 18 U.S.C. §3553</u>

When sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a) (2005). *See United States v. Hughes,* 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training; medical care; or other correctional treatment, in the most effective manner.

18 U.S.C. §3553(a). The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

A sentence of 235 months is sufficient without being greater than necessary to achieve the goals of sentencing set forth in Section 3553(a). Accordingly, for the following reasons, the government seeks a 235-month sentence.

1. <u>Seriousness of the Offense</u>

Starting in the fall of 2020, law enforcement agents began receiving information from multiple reliable sources that the defendant was supplying cocaine and heroin to a number of street level dealers in the North Side of the City of Richmond, in particular, the area of Lincoln Mews Apartments. ECF No. 22 at ¶ 12. During the course of the investigation, agents made a number of controlled buys of heroin from individuals who agents followed to and from the area of the apartment the defendant utilized to sell narcotics. ECF No. 22 at ¶ 13. During the course of the investigation, agents arrested an individual who was delivering 2.5 kilograms of heroin that was intended for the defendant. ECF No. 22 at ¶ 14. Also during the investigation, agents developed a third reliable confidential source who admitted to buying large amounts of heroin and cocaine from the defendant for approximately a year. ECF No. 22 at ¶ 15. That source provided that the source would meet the defendant at Lincoln Mews Apartments and purchase a half kilogram of cocaine about every two weeks. ECF No. 22 at ¶ 15. The defendant admitted that he was responsible for the distribution of at least 12 kilograms of cocaine hydrochloride and at least 3 kilograms, but less than 10 kilograms of heroin. ECF No. 22 at ¶¶ 10, 22.

While defendant lived in a nice townhome in Henrico County, defendant used an apartment in Lincoln Mews to conduct his drug transactions and store drugs awaiting distribution. Defendant carried a firearm -- an FN57, a 5.7 caliber semiautomatic handgun, which is technically considered a rifle due to its caliber. He had it under the mattress where he had been sleeping at his primary residence when he was arrested. The firearm was loaded, with a round of ammunition chambered. Also at defendant's primary residence, agents recovered over $28,000 in cash, scales, packaging materials, a press and other items utilized in the preparing and packaging of illegal narcotics for resale.

At the Lincoln Mews stash house, agents recovered over 315 grams of a mixture that contained both heroin and fentanyl, 35 grams of heroin, packaging materials, digital scales, multiple containers of cutting agents, a vacuum sealer, and a press. Agents also found two ammunition magazines for defendant's FN57 5.7 caliber semiautomatic pistol.

Defendant was a large-scale drug trafficker, who made his crimes even more serious by arming himself with a firearm to protect himself, his money and his drug stash. A sentence of 235 months is necessary, without being greater than necessary to reflect the seriousness of defendant's crimes.

2. <u>Need to Deter Future Criminal Conduct</u>

At 40 years of age, defendant has a prior federal conviction for possession with intent to distribute cocaine base for which he was sentenced to 75 months (ECF No. 22 at ¶45) and prior convictions for attempted robbery, conspiracy to commit robbery and use of a firearm during the commission of a robbery for which he was sentenced to 13 years, with all but 3 years suspended for life (ECF No. 22 at ¶46), in addition to a number of misdemeanor convictions. Both his prior federal drug trafficking crime and his robbery convictions involved the use of a firearm. ECF No. 22 at ¶¶ 45, 46. Less than 90 days after being released from federal prison, defendant committed the attempted robbery and use of a firearm crimes. *Id.* Defendant's supervised release term was revoked, and he was ordered to serve 22 months in prison. ECF No. 22 at ¶45. He was released in 2013, with 10 years of suspended state penitentiary time. ECF No. 22 at ¶ 45, 46. Nonetheless, the defendant returned to armed drug trafficking. Nothing about his prior federal or state sentences deterred this defendant from committing future crimes. Nothing about the promise of 10 years of comeback time deferred this defendant from committing future crimes.

Periods of active incarceration, lenient treatment, suspended prison sentences, orders to be of good behavior, and the threat of prison has not deterred this defendant from engaging in armed illegal drug trafficking.

A sentence in this case must be sufficient, but not greater than necessary, to deter this defendant from committing future crimes and to promote respect for the law. A sentence of 235 months is necessary, without being greater than necessary, to achieve these goals.

3. Need to Protect the Public from the Defendant's Future Criminal Conduct

A sentence needs, among other things, to protect the public from the defendant's future criminal conduct. Probation, suspended sentences, and lenient treatment have not protected the public from this defendant's criminal actions. Indeed, the defendant has continued to traffic deadly drugs and carry a deadly firearm. The public will only be protected from the defendant while he is incarcerated. A sentence of 235 months would protect the public while he is incarcerated and also might deter the defendant from resuming illegal activities upon his release, for fear of an equal or greater sentence if ever convicted of a crime again. The defendant's sentence also must be significant enough to deter others from following the defendant's choice to engage in armed, illegal drug trafficking.

4. Need to Provide Needed Treatment to Defendant

The defendant would benefit from vocational training and career counseling. ECF No. 22, ¶¶ 83-86. At 40 years of age, defendant has no specialized skills and very little work history.

5. Need to Avoid Unwarranted Disparities

Defendant's drug trafficking, which included multiple kilograms of cocaine and heroin, and over 350 grams of heroin/fentanyl mix, along with his use of a firearm and maintaining a stash house, drive the offense level in this case. The career offender guidelines only affect

defendant's criminal history category. Without the career offender characterization, defendant's criminal history category is IV. With his offense conduct and his earned criminal history category IV, his guidelines would be 188 to 235. With the career offender criminal history category VI, his guidelines are 235 to 293. A sentence at the low-end of the applicable advisory guideline range would not result in an unwarranted sentencing disparity. Indeed, a sentence of 235 months reflects defendant's actual criminal conduct and his actual criminal history, even without the career offender designation and resulting Criminal History Category VI. To avoid any unwarranted sentencing disparity, the defendant should be sentenced to 235 months. Any sentence below 235 months would result in an unwarranted sentencing disparity from the sentences of equally positioned defendants.

## CONCLUSION

A sentence of 235 months is necessary to achieve the goals of sentencing, as set forth in 18 U.S.C. § 3553(a), without being greater than necessary to do so.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: \_\_\_/s/_____
Olivia L. Norman
V.S.B. No. 31418
Assistant United States Attorney
Office of the United States Attorney
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5475
(804) 771-2316 (facsimile)
Olivia.Emerson@usdoj.gov

CERTIFICATE OF SERVICE

   I hereby certify that on the 21st day of February, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Counsel of Record.

             /s/
             Olivia L. Norman
             V.S.B. No. 31418
             Assistant United States Attorney
             Office of the United States Attorney
             919 E. Main Street, Suite 1900
             Richmond, Virginia 23219
             (804) 819-5475
             (804) 771-2316 (facsimile)
             Olivia.Emerson@usdoj.gov