**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**UNITED STATES OF AMERICA,**

v.  CRIM. NO. 3:22-CR-0066 (DJN)

**HUGH ELLIS MASON, III,**
 a.k.a. "Peter."
  **Defendant.**

**POSITION OF THE DEFENDANT WITH RESPECT
TO THE DEFENDANT'S SENTENCING FACTORS**

COMES NOW, the defendant, Hugh Ellis Mason, III, by counsel, and hereby submits his position with respect to sentencing factors, reserving the right to amend, modify or supplement this Position should it become appropriate.

I.  The Advisory Guidelines Range

The defendant acknowledges that this Honorable Court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a). See United States v. Hughes, 396 F.3d 374, 377-378 (4th Cir. 2005). Sentencing courts must now consider all of the goals and factors set forth in 18 U.S.C. § 3553(a), not just the guidelines and policy statements in the Guidelines Manual. See United States v, Booker, 125 S. Ct. 738 at 757, 764, 766, 767, 768 (2005).

In this case, given the total enhancements, Mr. Mason's total offense level is set at 33 and his criminal history category is at a level VI. The advisory range is set at 235 to 293 months. For reasons that set forth in this document, Mr. Mason is asking the Court to impose, at a maximum, the low end of those guidelines at 235. Additionally, the defendant asks the Court to consider a variance downward, below the low point of that range, and argues that a sentence of 200 months would satisfy all of the factors that must be considered by this Court.

    A.    <u>Nature and Circumstances of the Offenses</u>

The evidence in this case clearly sets out the facts to which the defendant pleaded guilty in the single count of Possession With Intent to Distribute More than 100 grams of Mixture. To argue that the evidence was otherwise would be disingenuous. The evidence gathered by police, included the testimony of confidential sources which interacted with Mr. Mason. Additionally, the evidence includes the items recovered during the execution of search warrants residence and a secondary location. The defendant concedes that the evidence is exacerbated by the presence of a firearm with these activities.

Mr. Mason acknowledges that drugs, like heroin and fentanyl, have a detrimental effect on our communities.

The defendant submits that a total sentence of 200 months is sufficient, but not greater than necessary, to comply with purposes of 18 U.S.C 3553(e). In the event the Court disagrees, Mr. Mason submits that a sentence of 235 months would also be greater than necessary.

B. <u>History and Characteristics of the Defendant</u>

At 40 years of age, Mr. Mason has accrued a criminal history which the Court must consider. Through 2003, the defendant merely had a smattering of misdemeanor offenses. In 2004 Mr. Mason was convicted of Possession with Intent to Distribute in the Eastern District of Virginia and received a sentence of 75 months. (*See* PSR ¶45). Several months after his release, he was arrested and ultimately convicted of Attempted Robbery, Conspiracy and Use of a Firearm in Richmond, Virginia. (*See* PSR ¶ 46). That conviction triggered a supervised release violation on the original Federal charge. (*See* PSR ¶ 45). These two sets of felony convictions (and the corresponding violation) comprise the totality of the defendant's felony convictions on his criminal history. Mr. Mason was released from the BOP on June 21, 2013. For the better part of nine (9) years, the defendant was incarcerated between the Bureau of Prisons and the Virginia Department of Corrections. From his release in 2013, until his arrest on the present matters on February 16, 2022, he had one paraphernalia conviction.

In a vacuum, it appears that Mr. Mason is a recidivist criminal who continues to violate the law without regard for his victims or the community. However, he would argue that he can comport himself with societal standards. For the better part of eight (8) yeas, Mr. Mason had no charges or infractions, except for a possession of marijuana charge that was resolved as a possession of paraphernalia conviction. A marijuana charge that is no longer a criminal offense. The defendant has demonstrated that he can comport with the expectations to abide by the law.

Additionally, the PSI report, gives us insight into factors which help provide context for the defendant's criminal activity. Looking at that, it appears that the

defendant's string of serious criminal cases came after the death of his father. Mason's father was his emotional and financial support. (*See* PSR ¶ 71). Clearly, that loss had an impact on the defendant's life.

Mr. Mason, having accepted responsibility, knows that there will be a substantial period of incarceration imposed by this Honorable Court. A sentence on the low end of that range would provide the defendant an end in sight. He will be able to avail himself of programs that exist in the Bureau of Prison (BOP) facilities. He can benefit from these programs to improve his skill sets. With the assistance of these programs, he can put himself in a position to get out and continue to work, to be a productive member of society.

For all the reasons listed in this section a sentence in the range of 200 months, or at most at the low end of the sentencing range of 235 months would be appropriate.

C. The Factors of Section 3353

(i) Need for the sentence to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense.

The defendant submits that the seriousness of the offense is clearly met with the guidelines range established in the PSI. The two prior criminal convictions on his record trigger the career criminal enhancement substantially elevating the range of punishment in this case. As the government indicates in its Position on Sentencing, without the career offender enhancement, Mr. Mason's guidelines would have ranged from 188 to 235. ECF No. 24 at 6. But for the only two (2) felony convictions on his criminal history, he would not receive the career offender enhancement. Balancing that enhancement, with the fact that there are only two prior criminal felony convictions on his record, a sentence with a variation down to 200 months would reflect the seriousness of the offense, promotes respect for the law, and provides just punishment based upon his role in these offenses.

4

Alternatively, a sentence not to exceed the low end of the recommendations of 235 months would also provide just punishment.

(ii) <u>Need to afford adequate deterrence to criminal conduct</u>.

Mr. Mason submits that the requested sentence provides deterrence generally. A sentence either at the point argued by counsel of 200 months or at the low end of the guidelines, would be a substantial increase from any prior incarceration received by the defendant. He argues that this substantial incarceration would provide a significant deterrent effect.

(iii) <u>Need to protect the public from further crimes of the defendant</u>.

The defendant submits that the requested sentence, followed by a period of supervised release, will protect the public from further crimes he *may* commit.

(iv) <u>Kinds of sentences available</u>.

Mr. Mason acknowledges that incarceration is the only available sentence but asks the Court to impose a sentence that allows him to be released.

(vi) <u>Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.</u>

A sentence of 200 months, as argued by counsel, or of 235 months will not result in any sentence disparities.

IV. <u>Conclusion</u>

For the foregoing reasons, the defendant respectfully requests that this Honorable Court sentence Mr. Mason, at a maximum, to 235 months and a period of supervised release. For the reasons stated above, Mr. Mason would argue that a variance below the

5

low point of the guidelines, around 200 months, followed by a period of supervised release would also satisfy the factors which the Court must consider, as set out in <u>Booker</u>.

                                  Respectfully submitted,

                                  By:_____/s/_____
                                          Counsel

Jose E. Aponte, Esquire
9030 Three Chopt Road
Suite B
Richmond, Virginia 23229
T: (804) 282-8625
F: (804) 282-8629
japonte@bainsheldon.com
VSB: 42201

## *CERTIFICATE*

I certify that on February 23, 2023, I electronically filed the foregoing Position on Sentencing with the Clerk of the onCourt using the CM/ECF system, which will then send notification of such filing (NEF) to:

> Olivia L. Norman, Esquire
> U.S. Attorney's Office
> Suntrust Building
> 919 E. Main Street
> Suite 1900
> Richmond, Virginia 23219
> Olivia.Emers@usdoj.gov

_____/s/_____
Jose E. Aponte
Counsel for Defendant