IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:22cr66 (DJN)

HUGH ELLIS MASON, III,
    Petitioner.

**MEMORANDUM OPINION**

Hugh Ellis Mason, III, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 43 ("§ 2255 Motion")), arguing that he received ineffective assistance of counsel. By Memorandum Opinion and Final Order entered on July 31, 2025, the Court denied the § 2255 Motion. (ECF Nos. 60, 61.)

On August 25, 2025,[1] Mason filed a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 62 ("Rule 59(e) Motion")). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md.

---

[1] This is the day that Mason certified he mailed his Rule 59(e) Motion to the Court. (ECF No. 62 at 9.) The Rule 59(e) Motion is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Mason argues that the Rule 59(e) Motion must be granted to prevent a clear error of law or prevent manifest injustice. (Rule 59(e) Motion at 2.)[2]

First, with respect to the Court's dismissal of Claim One, Mason argues that the Court erred when it determined that he was a career offender. That was not the claim that Mason raised in his § 2255 Motion. Instead, in Claim One, Mason alleged "ineffective assistance of counsel by failing to conduct legal research, failing to secure state-court records and conduct adequate investigations as to his Virginia attempted robbery conviction, and failing to object to the PSR and at his sentencing hearing to the erroneous career offender designation in [sic] which violates his Sixth Amendment rights . . . ." (§ 2255 Motion at 4–5.) The claim Mason raised in his § 2255 Motion was a Sixth Amendment ineffective assistance claim, not a claim that the Court erred in fashioning his sentence. Mason may not raise a new claim challenging the Court's finding that he was a career offender for the first time in a Rule 59(e) motion. *See Banister v. Davis*, 590 U.S 504, 508 (2020) (explaining that, "[i]n particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." (citations omitted)).[3] To the extent that Mason argues that the Court erred in finding that counsel performed in a constitutionally competent manner, as the Court thoroughly

---

[2]   The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation and removes the emphasis in quotations from Mason's submissions.

[3]   Even if Mason had raised this claim in his § 2255 Motion, a "career offender designation [is] not a fundamental defect that inherently results in a complete miscarriage of justice," and therefore, such a challenge is not cognizable by way of § 2255. *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (citation omitted); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("barring extraordinary circumstances," an error in the calculation of the Sentencing Guidelines is not cognizable in a § 2255 motion).

2

explained in its prior opinion, that claim lacks merit. The issue of whether Mason was a career offender had been resolved prior to sentencing and arguments to the contrary lacked apparent merit, therefore, counsel chose to focus his arguments for a lower sentence elsewhere — and was ultimately successful. (ECF No. 60 at 7–10.) Mason fails to demonstrate any error in the Court's conclusion that counsel was neither deficient nor that he was prejudiced.

Second, with respect to the Court's dismissal of Claim Two, Mason argues that the Court improperly relied on a statement in his own Affidavit. In his Affidavit, Mason stated: "[A]fter my federal sentencing on February 28, 2023, I specifically asked Jose Aponte, 'where do we go from here, and that 'I was upset with the 228-month sentence imposed,' however, my lawyer never consulted with me regarding an appeal." (ECF No. 45 at 1.) Mason points out that his Affidavit contained incorrect information, and that his original Affidavit filed with his § 2255 Motion stated "after my federal sentencing hearing on *May 17, 2023*, I asked Attorney Aponte where do we go from here . . . ." (Rule 59(e) Motion at 6 (quoting ECF No. 43-1 at 2 (emphasis added)).) In its Response to the § 2255 Motion, the Government clearly noted the fact that any alleged communications on February 28, 2023, would have been made prior to Mason's actual sentencing on May 16, 2023. (ECF No. 58 at 7.) Therefore, Mason was put on notice of his mistake at that point, but failed to raise this argument prior to the dismissal of his § 2255 Motion. More importantly, the Court did not dismiss Claim Two for this reason. Rather, it dismissed Mason's claim because it was conclusory and lacked merit. Both counsel and Mason agreed that after his sentencing, Mason voiced his dissatisfaction with his sentence. (ECF No. 60 at 10, 12 (citations omitted).) However, the uncontroverted record reflects that Mason was made aware of his right to appeal by the Court, and counsel consulted with Mason briefly about an appeal, but at

no point did Mason expressly indicate to counsel that he wanted to appeal. (*Id.* at 11–13.) Accordingly, Mason identifies no clear error of law in the Court's dismissal of Claim Two.

In sum, Mason fails to demonstrate that the Court made a clear error of law or that reopening his case is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 62) will be DENIED. A certificate of appealability will be DENIED.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Mason.

                                                                                      /s/

David J. Novak
United States District Judge

Richmond, Virginia
Date: September 30, 2025